26 C.C.P.A.(Patents)

## In re WAITE.

### Patent Appeals No. 4169.

Court of Customs and Patent Appeals.
June 26, 1939.

Royal R. Rommel, of Washington, D. C., for appellant.

R. F. Whitehead, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

GARRETT, Presiding Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming that of the examiner denying the patentability, in view of prior art cited, of twelve claims in an application owned by Irving Air Chute Company, Incorporated, relating to parachute apparatus. Seven claims stand allowed. The appealed claims are numbered 11, 12, 28, 33, 34, 37, 38, 41, 43, 45, 47, and 49. Some other claims were rejected but not appealed.

The brief for appellant describes the apparatus broadly as follows:

"It includes a parachute chair with which is cooperatively associated a parachute pack and a body attaching harness in such relationship that the pack and harness are maintained on the chair in *safe and orderly* arrangement whereby an inexperienced person, in case the emergency should arise, may with facility apply the harness and pack in a few seconds of elapsed time."

Appellant separates the appealed claims into four groups, and quotes as typical one claim of each group, italicizing the limitations upon which reliance is placed.

Group 1:

"34. A parachute aircraft chair comprising a seat, a back rest, and parachute *harness receiving pockets unitarily connected as part of said chair at the sides of the seat and at the top of the back rest and separate from any part of the apparatus which is attached to the wearer during a parachute jump.*"

Group 2:

"11. In parachute apparatus the combination of an aviator's chair including seat and back rest, a parachute pack on the chair, harness connected with the parachute pack, and *resiliently restricted side pockets releasably securing the harness in position upon the chair for quick attachment upon the wearer.*"

Group 3:

"33. In parachute apparatus the combination of an aircraft chair having a seat and a back rest, *the back rest* at the top thereof supporting *a downwardly opening pocket hood* thereon, a pack supported upon the chair, harness connected therewith and a back pad, *the upper portions of the harness and the back pad being releasably socketed in the pocket provided by said hood with portions of the harness exposed to permit the wearer to apply the harness without assistance.*"

Group 4:

"38. In parachute apparatus a chair having a seat and back rest, a parachute harness including a supporting sling extending across the chair seat and side riser portions extending upwardly along the sides of the chair and resting against the back of the chair, other body attaching straps secured to the sling adjacent to the seat of the chair, *pocketing means at the sides of the chair for releasably securing said other attaching straps in a secured and definite relation,* other body attaching straps attached to the upper ends of the riser portions of the sling, and *a top pocketing hood on the back of the chair for releasably secreting and securing the upper portions of the riser straps and the last mentioned other body attaching straps.*"

The references relied on are: Trevitt, 137,738, April 8, 1873; Coughlin, 1,444,369, February 6, 1923; Smith, 1,784,996, December 16, 1930; Campbell et al., 1,899,668, February 28, 1933; Switlik, 1,964,864, July 3, 1934; French patent, 590,457, March 18, 1925.

Inasmuch as appellant does not seriously challenge the disclosures for which the references were cited, it is not thought necessary to repeat such disclosures in detail. They are detailed in the statement of the examiner, and, in part, in the decision of the board, which epitomized appellant's contention in the following statement: "Appellant relies for patentability on the provision of pockets on portions of the chair in which sections of the harness can be readily concealed and yet removed when desired to attach the parachute to the occupant of the chair as well as a pocket at the top of the seat back."

In its decision the board made no specific reference to any of the rejected claims by number, but contented itself with rather general statements.

Claim 34 of group 1 (Nos. 34 and 43) was rejected by the examiner on the French patent in connection with the patent to Trevitt. The French patent shows the combination of a chair and a parachute pocketed in the chair for the use of aircraft passengers. The patent to Trevitt shows side pockets in a combined cabinet chair and secretary. It was held that there would be no invention in applying such side pockets to the French chair, and held also that it would not be inventive to add a pocket at the top of the back rest in view of the showing of a recess in the back of the French chair "fitted to receive, folded in an appropriate manner, a parachute." Claim 43 of this group requires resilient retaining means for holding the harness on the chair. It was rejected upon the patent to Smith which discloses retaining means of a resilient character intended to hold the upholstery on the chair.

It is insisted by appellant that the resilient means of Smith consists of steel rip cord cables and that they are not in any sense resilient within the meaning of claim 43. We do not agree with this contention, and as for the fact that the cables hold the upholstery and not the harness, it is noted that the harness of the Smith patent is attached to the upholstery. It is not thought that the modification of appellant involved invention. Claim 43 was further rejected by the examiner upon the French patent in view of the patent to

806

Coughlin, and we find no specific discussion of this by appellant.

The claims of group 2 (Nos. 11 and 37) were rejected by the examiner on the French patent alone and also on the French patent in view of Trevitt. Claim 11 was further rejected on either Campbell et al. or Switlik in view of Trevitt, and claim 37 on Campbell et al. in view of Trevitt. Campbell et al. and Switlik show a pack and harness, and it was the view of the examiner that a new invention would not be produced if a person wearing such packs should sit in the Trevitt chair, unfasten the snaps shown by both patents and stuff the loose ends of the harness in the chair pockets.

It is urged by appellant that the pockets of the Trevitt chair are on the outside of rigid arm rests which are too high to permit any part of the harness to be stuffed in the pockets without entire modification of the arm rests and placement of the pockets at the inside of the arms instead of at the outside. This may be true but we fail to discern any invention in such modification. In view of the art cited, we fail to see where it would involve invention to equip the chair, shown for example in the patent to Campbell et al., with proper side pockets.

A feature of claim 11 stressed by appellant is that of resiliently restricted side pockets. That feature seemingly appeared in rejected claim 16 which was not appealed to this court, and was discussed by the examiner in connection with it. He held, we think correctly, that there was no invention in this feature, the pockets being similar "to the well-known automobile side door pockets."

It is deemed unnecessary to deal specifically with each of the claims (28, 33, 41, 45, and 49) of group 3, since appellant takes 33 as typical of the entire group. This claim was rejected by the examiner "as being for an old combination of chair with parachute apparatus" such as that disclosed in the French patent. The board expressed the belief that there was no necessity of referring to the French patent in this connection because of the disclosure in the patent to Smith of "a seat recessed to provide a space for the parachute pack, as disclosed in the French patent, which is equivalent broadly to a pocket."

The principal argument of appellant respecting this group of claims seems to be that it involved invention to provide a *downwardly opening pocket hood* on the back rest, in which portions of the parachute harness may be concealed. It may be conceded that no art is cited in which a parachute chair is shown equipped in this manner but downward opening pockets certainly are common to many arts, the automobile one mentioned by the examiner being an example, and we are unable to discern anything inventive in combining one with appellant's chair.

The fourth group embraces claims 12, 38, and 47. The limitations relied upon are italicized in claim 38, supra. It was rejected by the examiner upon the same grounds as claim 33, supra, and appellant's arguments respecting it are much the same as those made concerning group 3. These arguments have received our careful consideration but we are unable to concur in them.

The record contains an affidavit of the applicant who, according to the affidavit, is president of the Irving Air Chute Company, Incorporated, which, it may be said, is the owner of the Campbell et al. patent cited as a reference, and appellant's 21st reason of appeal makes reference to the affidavit as evidence of "the importance which the present invention has contributed in the art relating to aviation." The brief of appellant alludes to the affidavit as showing that Irving Air Chute Company, Incorporated, has factories in the United States and eight foreign countries and also as showing that the equipment of the present application has been extensively used throughout the United States and foreign countries, having been installed in various aircraft.

We find nothing in the affidavit which would justify a holding that the rejected claims are patentable. Whatever of commercial success has been attained may have been due to invention involved in the allowed claims. If it was due to matters involved in the rejected claims, however, that, of itself, is not a sufficient reason upon which to base a holding of invention.

It is urged by appellant that the patent to Trevitt is very old, it having been issued in 1873. It is not thought that its age renders it improper as a reference for the purpose cited, if indeed any reference respecting pockets be necessary in view of their common use.

The decision of the Board of Appeals is affirmed.

Affirmed.